```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Virginia
```

YELLOW BOOK SALES AND             )
DISTRIBUTION COMPANY, INC.        )
                                  )
    Plaintiff,                   )
                                  )
v.                                ) Civil Action No. 1:10cv539
                                  )
ALL FIRST INC. <u>et al</u>              )
                                  )
    Defendants.                  )

<u>REPORT AND RECOMMENDATION</u>

This matter came before the Court pursuant to an Order by the Honorable T.S. Ellis and on plaintiff's Motion for Default Judgment. (Dkt. Nos. 9, 12.)  After a representative for defendants All First Inc., Amit K. Jain, and Mark Lampman failed to appear at the August 27, 2010 hearing, the Court took plaintiff's Motion under advisement to issue this Report and Recommendation.

I. <u>INTRODUCTION</u>

Plaintiff Yellow Book Sales and Distribution Company ("plaintiff") filed suit against defendants All First Inc. (a.k.a. All First Services; Service Doctors), Amit K. Jain (a.k.a. John Amit; John Jain; Jain Amit), and Mark Lampman (collectively "defendants") alleging breach of contract for failure to pay for advertising services.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. (28 U.S.C. § 1332(a)(1); Compl. ¶18.) Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants reside in this District. (Compl. ¶19).

### B. Process and Service

Plaintiff filed its initial Complaint on May 25, 2010. (Dkt. 1). Process was served by personal service of a Summons and copy of the Complaint to All First and Mr. Jain on June 23, 2010 and to Mr. Lampman on June 28, 2010. Each defendant was served at 14155-B Suilyfield Circle, Chantilly, VA 20151. (Dkt. 4,5,6).

Pursuant to Federal Rule of Civil Procedure 12, defendants had twenty (20) days after receiving service of process to serve an Answer. FED. R. CIV. P. 12. Accordingly, defendants' Answers to the Amended Complaint were due on July 14 and July 17, 2010.

### C. Grounds for Entry of Default

On July 23, 2010, plaintiff requested an entry of default against defendant. (Dkt. 7). The Clerk entered default on July 26, 2010. (Dkt. 8). The Honorable T.S. Ellis set this matter for default proceedings before the undersigned Magistrate Judge. (Dkt. 9). On August 13, 2010, plaintiff filed a Motion for Default Judgment and Affidavit in support thereof. Upon the

Court's request, plaintiff submitted supplemental support on November 4 and November 12, 2010. (Dkt. 16, 18).[1] To date, defendant has failed to file an Answer or other responsive pleading. (Zito Decl. ¶4). After no representative for defendant attended the August 27, 2010 hearing on plaintiff's Motion for Default Judgment, the Court took the Motion under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings[2], the undersigned Magistrate Judge finds that plaintiff has established the following facts:

From approximately September 2004 to March 2007, All First Services (a.k.a. Service Doctors) contracted with Yellow Book

---

[1] Plaintiff's Complaint and Memorandum in Support of Motion for Default Judgment refers several times to "Exhibit A." Also, the Declaration of Michael Zito refers to Exhibits 1-3. However no such exhibits were attached to the electronic filing of those documents. The Court notified plaintiff of the deficiency in support for the motion. Plaintiff provided "Exhibit A": copies of the contracts in issue, a tabulation of damages, and a supporting affidavit for the first time on November 4, and a corrected supplement, also called "Exhibit A", on November 12, 2010.

[2] Plaintiff's support includes The Declaration of Michael A. Zito, counsel for plaintiff ("Zito Decl."), The November 3rd Affidavit of Cynthia Coleman, supervisor of accounts and corporate representative for Yellow Book ("Coleman Aff. 11/3"), and Exhibit A: Combined Statements of Account for Service Doctors and Unique Appliance Service, and copies of thirty-five separate hand-written contracts. ("Ex. A ___"). Also included are the revised November 12th invoice spreadsheet ("Revised Spreadsheet"), and the accompanying November 12th Affidavit of Cynthia Coleman ("Coleman Aff. 11/12")

for advertising services. (*See* Ex. A; Coleman Aff. 11/3; Revised Spreadsheet; Coleman Aff. 11/12 ¶5). Pursuant to the agreements, Yellow Book satisfied its obligation to feature advertisements for defendants' appliance repair business in phone directories in counties in Northern Virginia, Maryland, and the District of Columbia. (Revised Spreadsheet; Ex. A; Coleman Aff. ¶6; *See* Ex. A contracts). Defendants made some payments, but failed to completely satisfy the full balance owed to Yellow Book. (Zito Decl. at ¶6).

Each contract for services included a sheet of contract terms, including a personal guaranty: "the signer of this agreement does, by his execution personally and individually undertake and assume the full performance hereof including payments of amounts." (Ex. A, Terms Sheet ¶15(f)). Either Mr. Lampman or Mr. Jain (a.k.a. Mr. Amit) co-signed each contract on behalf of All First Services (or its alias, Service Doctors). (Ex. A; Revised Spreadsheet; Coleman Aff.).

Moreover, the sheet of contract terms includes a provision that the customer is liable for costs and expenses incurred as a result of non-payment, including attorney's fees up to 33% of the amount of the unpaid account balance, plus interest. (Ex. A, Contract Terms Sheet ¶13). Here however Plaintiff requests attorneys' fees in the amount of only 25% of the total amount owed. (Memo in Supp. of Default J. at 5; Zito Decl. ¶7).

4

Because All First failed to pay the full amount of the balance owed to Yellow Book, defendants are liable for compensatory damages, costs, and fees. (Coleman Aff. 11/12 ¶¶7-11; Zito Decl ¶¶6-9). Specifically, All First is liable for compensatory damages in the amount of $462,984.22, court costs of $482.27, and attorneys' fees of $115,746.06 for a **total** of $579,211.45. (Coleman Aff. 11/3 ¶9; Zito Decl.¶6-9; Revised Spreadsheet; Coleman Aff. 11/12).

Mr. Jain is personally liable as guarantor of numerous contracts for compensatory damages in the amount of $350,225.83 and attorneys' fees in the amount of $87,556.46 for a **total** of $438,263.46.(Coleman Aff. 11/3 ¶10; Zito Decl.¶6-9; Revised Spreadsheet; Coleman Aff. 11/12).

Mr. Lampman is personally liable as guarantor of numerous contracts for compensatory damages in the amount of $122,365.68 and attorneys' fees in the amount of $30,591.42, for a **total** of $153,438.27. (Coleman Aff. 11/3 ¶11; Zito Decl.¶6-9; Revised Spreadsheet; Coleman Aff. 11/12).

### III. <u>RECOMMENDATION</u>

The undersigned Magistrate Judge recommends entry of judgment in favor of plaintiff against defendants. Specifically, the undersigned recommends an award of $579,211.45 against All First. Mr. Jain should be held jointly and severally liable for part of All First's debt in the amount of $438,263.46. Likewise,

Mr. Lampman should be held jointly and severally liable for All First's debt in the amount of $153,438.27.

V. <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of its service. A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record, and to defendants at the following addresses:

All First Inc. d/b/a All First Services. Inc. and d/b/a Service Doctors
14155-B Sullyfield Circle
Chantilly, VA 20151

Amit K. Jain a/k/a John Amit a/k/a John Jain a/k/a Jain Amit
14155-B Sullyfield Circle
Chantilly, VA 20151

Mark Lampman
14155-8 Sullyfield Circle
Chantilly, VA 20151

_____/s/_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

November _19__, 2010
Alexandria, Virginia